## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**COURTNEY BURT DUNSTON**
**#202400763**                                                              **PLAINTIFF**

**v.**                                    **No. 3:24-cv-181-DPM**

**ZACHARY PASCHAL, Officer/Corporal,**
**Arkansas State Police – Troop C;  KEVIN**
**BELL, Sheriff, Randolph County;  and**
**TIMOTHY MCCOLLINS, Deputy Sheriff,**
**Randolph County**                                          **DEFENDANTS**

### ORDER

Dunston's motion to amend his complaint, *Doc. 4*, is denied without prejudice.   The proposed amendments would be futile. *Plymouth County v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014). First, Arkansas State Trooper Zachary Paschal is a state official;  and a state official cannot be sued in his official capacity for damages. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70-71 (1989). Second, the official capacity claims against Sheriff Bell and Deputy Sheriff McCollins are really against Randolph County.  *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).  But Dunston hasn't identified a County policy, practice, or custom that resulted in the constitutional violations he alleges.  *LaCoe v. City of Sisseton*, 82 F.4th 580, 585-86 (8th Cir. 2023).   Moreover, the existence of an applicable policy,

practice, or custom is not sufficient.    Dunston also hasn't alleged specific facts showing why and how the County's standard way of doing things was unconstitutional.  *LaCoe*, 83 F.4th at 586.

So Ordered.

_WPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_27 January 2025_

–2–