IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**COURTNEY BURT DUNSTON**
**#202400763**                                                              PLAINTIFF

v.                          No. 3:24-cv-181-DPM

ZACHARY PASCHAL, Officer/Corporal,
Arkansas State Police – Troop C;  KEVIN
BELL, Sheriff, Randolph County;  and
TIMOTHY MCCOMAS, Deputy Sheriff,
Randolph County                                                           DEFENDANTS

## ORDER

Dunston takes issue with many of the Court's recent decisions. *Doc. 40.* This Order addresses those concerns.

*First*, the fee to file a case in this Court is $350.  But the fee to file an appeal is $605.  Dunston filed an appeal, so he must pay the full appellate filing fee.  28 U.S.C. § 1915(b)(1).  This Court was therefore required to calculate and collect an initial partial appellate filing fee. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).  The Court will collect the later installment payments in due course.  For the reasons already explained, the Court assessed an initial partial appellate filing fee of $4.73.  *Doc. 37.*  That fee was less than the $11.20 initial partial filing fee Dunston paid when this case started.  *Doc. 3 at 1.*

*Second*, Dunston does not have a right to an appointed lawyer in a civil case like this one.  His renewed request for appointed counsel is therefore denied without prejudice for the reasons already specified. *Doc. 37 at 2*.

*Third*, there is a "strong judicial policy against default judgments." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).  Dunston is correct that Paschal should have answered sooner.  But Paschal's negligence was excusable because he acted in good faith and there was no risk of prejudice to Dunston.  *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).  Plus, the Clerk of Court never entered a default against Paschal.  Fed. R. Civ. P. 55(a). Dunston was not entitled to a default judgment.

*Last*, the Court has explained its reasoning on Dunston's official capacity claims three times now.  *Doc. 3, 10, & 16*.  His request for further clarification is denied.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

2 June 2025